UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WHITE,

        Plaintiff,

vs.                                      Case No. 08-CV-11031
                                       HON. GEORGE CARAM STEEH

INTERNATIONAL MARINE & AUTO INVESTMENTS, INC.,
f/k/a NATIONAL MARINE INVESTMENTS,
GLOBAL FINANCIAL NETWORK, LLC,
KAREN THOMAS GEBELL, and
CHARLES V. GEBELL,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#14)

Defendants International Marine & Auto Investments, Inc. (IMA), Global Financial Network LLC (Global LLC), Karen Gebell, and Charles Gebell move for summary judgment of plaintiff Robert White's claims of fraudulent inducement, misrepresentation, violation of the Michigan Consumer Protection Act (MCPA), M.C.L. § 445.901 et seq., statutory conversion, common law conversion, and negligence on the basis that the claims are subject to arbitration. A hearing on the motion was held on October 15, 2008. For the reasons set forth below, defendants' motion for summary judgment will be GRANTED.

### I. Background

Plaintiff Robert White, a citizen of Vermont, filed a First Amended Complaint on March 12, 2008 alleging he contracted with IMA's predecessor in interest, National Marine Investments, and Global LLC to broker the sale of his 2001 Grady-White boat. Karen and Charles Gebell, citizens of Michigan, are the alleged members of Global LLC. White alleges the parties agreed that White would sell his boat to a buyer located by IMA and

Global LLC, that the buyer would make timely payments, that IMA and Global LLC would forward the payments to lien holder M&T Credit Corporation, and that, in the event of the buyer's default, IMA and Global LLC would repossess the boat and make three payments from a reserve fund established by the buyer. White alleges IMA and Global LLC located buyer Francesco Bombaci and assured him that they performed a reasonable background check, that Bombaci's credit was "decent," and that Bombaci was qualified to purchase the boat on credit. White alleges that Bombaci was in fact deceased. White alleges that, upon the Bombaci's default, IMA and Global LLC failed to repossess the boat, and made only one payment to lien holder M&T Credit. White alleges the boat's value is $86,000.00, and that M&T Credit threatens to sue him for over $100,000.00. White alleges fraudulent inducement, misrepresentation, violation of the MCPA, statutory and common law conversion, and negligence.

## II. Motion for Summary Judgment

Defendants Global LLC, IMA, and the Gebells move for summary judgment arguing White's claims are subject to arbitration under paragraph 11 of a "Partnership Vessel Purchase Agreement" signed by plaintiff White as "Selling Partner" and Francesco Bombaci as "Buying Partner":

> **11. ARBITRATION**
> Any controversy or claim arising out of or relating to this transaction shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any state court having jurisdiction thereof. The arbitration shall take place in Macomb County, Michigan. This agreement shall be governed by and construed under Michigan law.

In the alternative, defendants assert they are entitled to summary judgment on the merits of White's claims pursuant to paragraph 14 of the "Partnership Vessel Purchase Agreement," under which White waived and discharged any claims against the Broker. Paragraph 14 reads:

2

**14. BROKER, BROKERAGE FEE, RELEASE OF BROKER**; INT. ___ INT. ___

Upon signing this agreement, the Buying Partner agrees to pay Broker of record a non-refundable fee of $ [unintelligible, $8,400.00?] - this fee is not a security deposit, or a down payment. The Buying Partner acknowledges that they have examined and inspected the Boat and have had the opportunity to have additional examinations, inspections, and/or surveys [unintelligible, done?] to the Boat. Both the Buying and Selling Partners [White and Bombaci] acknowledge and agree that neither Broker, nor any of its agents have made any representations or [unintelligible] of any kind, concerning the boat or this transaction except as set forth in this Agreement. The Buying and Selling Partners further acknowledge and agree that they understand that Broker is not a party to this transaction. . . . . By execution of this Agreement, the Buying and Selling Partners hereby waive and forever discharge Broker from any and all claims they may possess against Broker and its employees and/or agents relating to this transaction or the subsequent use of the boat. The Selling Partner understands that they are [unintelligible] responsible to the Secured Party.

## III. Analysis

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).

9 U.S.C. § 2 of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy

> thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

State law generally governs the validity, revocability, and enforceability of an arbitration contract, with the exception that courts may not invalidate an arbitration contract under state laws applicable only to arbitration provisions. Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996) (citing Perry v. Thomas, 482 U.S. 483, 492 n. 9 (1987) and Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 281 (1995)). In deciding whether there is an agreement to arbitrate, "courts are to examine the language of the contract in light of the strong federal policy in favor or arbitration. Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002) (quoting Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000)).

Under Michigan law, arbitration provisions are enforceable if they meet the general rules regarding the validity of contracts. See Heurtebise v. Reliable Business Computers, 452 Mich. 405, 413, 550 N.W.2d 243 (1996); Rembert v. Ryan's Family Steak Houses, Inc., 235 Mich. App. 118, 125, 596 N.W.2d 208 (1999). In opposing the defendants' motion for summary judgment, plaintiff White argues the arbitration provision in the "Partnership Vessel Purchase Agreement" is unenforceable against his claims because the Broker defendants are not parties to the Agreement. White offers that none of the defendants or their predecessors signed the Agreement, and paragraph 14 of the Agreement expressly provides "that Broker is not a party to this transaction." White also draws the court's attention to M.C.L. § 600.5001(2) of the Michigan Uniform Arbitration Act, which acknowledges the validity of written arbitration contracts as "between the parties to the contract."

White does not dispute Michigan law recognizes that non-signatories to an arbitration agreement may be bound by the agreement's terms under ordinary principles of agency and contract. See Arnold v. Arnold Corporation - Printed Communications for Business, 920 F.2d 1269, 1281 (6th Cir. 1990), cited with approval in AAA Pharmacy, Inc. v. Value RX Pharmacy Program, Inc., No. 207155, 1999 WL 33430011, at *2 (Mich.Ct.App. Nov. 16, 1999) (unpublished) and Woodworth, Inc. v. Five Pointes Construction, Inc., No. 202875, 1998 WL 1989560, at *2 (Mich.Ct.App. Oct. 23, 1998) (unpublished). Specifically, "where mutuality of assent is established, written arbitration agreements do not have to be signed in order for the agreement to be binding." Ehresman v. Bultynck & Co., P.C., 203 Mich. App. 350, 354, 511 N.W.2d 724 (1994). Mutuality of assent is established on showing that the written agreement was delivered and thereafter acted upon by the non-signatory pursuant to the terms of the agreement. Id, at 354.

Construing the pleadings and evidence in a light most favorable to White, it is beyond reasonable dispute that the defendants – IMA (and its predecessor National Marine Investments), Global LLC, and Global LLC's members Karen and Charles Gebell – acted upon the "Partnership Vessel Purchase Agreement" by performing "Broker" services pursuant to the terms of the Agreement. White indeed alleges that the defendants acted as the "Broker" in the sale of his 2001 Grady-White boat and located "Buying Partner" Francesco Bombaci. White also alleges that IMA and Global LLC failed to repossess the boat after Bombaci defaulted, an obligation arising under the "Partnership Vessel Purchase Agreement." White did not dispute at the October 15, 2008 hearing that the defendants drafted the "Partnership Vessel Purchase Agreement" and acted as dual agents for himself and Bombaci. By way of mutual assent, the defendants were bound to the terms of the "Partnership Vessel Purchase Agreement," including paragraph 11 requiring that "[a]ny controversy or claim arising out of or relating to this transaction shall be settled by

arbitration." Ehresman, 203 Mich. App. at 354. The fact that none of the defendants signed the Agreement is not controlling. Id.

The language of paragraph 14 recognizes that the Broker defendants made representations "concerning . . . this transaction . . . as set forth in this Agreement." White's and Bombaci's acknowledgment and agreement "that they understand that Broker is not a party to this transaction" is not dispositive. "[W]here terms having a definite legal meaning are used in a written contract, the parties to the contract are presumed to have intended such terms to have their proper legal meaning, absent a contrary intention appearing in the instrument." Compuware Corp. v. Bahn, 107 Fed. Appx. 528, 529 (6th Cir. Aug. 17, 2004) (citing Conagra, Inc. v. Farmers State Bank, 237 Mich. App. 109, 132, 602 N.W.2d 390 (1999) (quoting Nationwide Mut. Fire Ins. Co. v. Detroit Edison Co., 95 Mich. App. 62, 289 N.W.2d 879 (1980))). The contrary intent that the Broker defendants were considered parties to the transaction set forth in the "Partnership Vessel Purchase Agreement" appears by way of the express obligations owed by the Broker defendants to Bombaci and White, terms that appear in the Agreement as representations made by the defendants "concerning . . . this transaction." The ambiguity arising from this apparent conflict is resolved by examining the language of the entire Agreement and the circumstances surrounding its execution. See Zurich Ins. Co. v. CCR and Co., 226 Mich. App. 599, 607, 576 N.W.2d 392 (1997) (citing First Baptist Church of Dearborn v. Solner, 341 Mich. 209, 67 N.W.2d 252 (1954); Moulton v. Lobdell-Emery Mfg. Co., 322 Mich. 307, 33 N.W.2d 804 (1948)). In this lawsuit, White alleges that the defendants acted as the Broker in the sales transaction with Bombaci, and that the defendants failed to perform obligations owing under the Agreement. White does not allege, attach to his First Amended Complaint, or proffer another document requiring the Broker defendants to sell White's boat to a buyer located by IMA and Global LLC, to forward Buying Partner Bombaci's boat

payments to M&T Credit, to repossess the boat upon Bombaci's default, or to make boat payments to M&T Credit from a reserve fund financed by Bombaci. The circumstances surrounding the drafting and execution of the "Partnership Vessel Purchase Agreement," and the Broker defendants' dual agency relationship with White and Bombaci, resolves in a finding that the Broker defendants were bound to the terms of the Agreement, including paragraph 11 providing that "[a]ny controversy or claim arising out of or relating to this transaction shall be settled by arbitration." Zurich Ins., 226 Mich. App. at 607. The ambiguities of the Agreement and any doubts as to the parties' intentions likewise resolve in favor of arbitration under federal law. Great Earth, 288 F.3d at 889.

White's claim of fraudulent inducement does not warrant a different conclusion. In determining whether a valid arbitration agreement exists, federal district courts may only consider claims of fraudulent inducement relative to the arbitration clause itself "as opposed to challenges to the validity of the contract as a whole." Great Earth, 288 F.3d at 889 (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967)). "[T]he statutory language [of the FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally." Id. (quoting Prima Paint Corp., 388 U.S. at 403-04). White does not allege or argue fraudulent inducement with respect to the arbitration clause itself.

Dismissal of a lawsuit is proper under the FAA where the claims are all subject to arbitration. Hensel v. Cargill, Inc., No. 99-3199, 1999 WL 993775 (6th Cir. Oct. 19, 1999) (citing Alford v. Dean Witter Reynolds Inc., 975 F.2d 1161, 1164 (5th Cir. 1992), and Sparling v. Hoffman Const. Co., Inc.,864 F.2d 635, 638 (9th Cir. 1988). Construing the pleadings and evidence in a light most favorable to plaintiff White, defendants IMA, Global LLC, Karen Gebell, and Charles Gebell are entitled to dismissal of White's claims, without prejudice, because each of the claims is subject to arbitration as a matter of law. Id.;

7

Matsushita Elec., 475 U.S. at 587; Amway Distributors, 323 F.3d at 390.

## IV. Conclusion

Defendants' motion for summary judgment is hereby GRANTED. Plaintiff White's claims are hereby DISMISSED, without prejudice in deference to arbitration.

SO ORDERED.

Dated: October 20, 2008

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 20, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk